UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BENJAMIN KYLE,

                Plaintiff,

-against-

T-MOBILE USA, INC., SILVIA HERNANDEZ, individually, and EMMA NODINE, individually,

                Defendants.

**MEMORANDUM & ORDER**
23-CV-5206 (NGG) (RML)

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Plaintiff's motion to remand this case to state court. (Mot. to Remand (Dkt. 10).) On November 6, 2023, this court respectfully referred the motion to Magistrate Judge Robert M. Levy for a Report and Recommendation ("R&R"). On March 25, 2024, Magistrate Judge Levy issued an R&R recommending that Plaintiff's motion to remand be denied. (*See generally* R&R (Dkt. 11).)

No party has objected to Magistrate Judge Levy's R&R, and the time to do so has passed. *See* Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014). Having found none, the court ADOPTS the R&R in full and, for the reasons stated in the R&R, DENIES Plaintiff's motion to remand. The parties are DIRECTED to contact the chambers of Magistrate Judge Levy to discuss next steps in the case.

SO ORDERED.

Dated:    Brooklyn, New York
          April 19, 2024

                                      s/Nicholas G. Garaufis
                                      NICHOLAS G. GARAUFIS
                                      United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BENJAMIN KYLE,

               Plaintiff,                   REPORT AND
                                                           RECOMMENDATION
   -against-                         23 CV 5206 (NGG)(RML)

T-MOBILE USA, INC., SILVIA HERNANDEZ,
individually, and EMMA NODINE, individually,

               Defendants.
------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated November 6, 2023, the Honorable Nicholas G. Garaufis, United States District Judge, referred plaintiff's motion to remand to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied.

## BACKGROUND

        Plaintiff Benjamin Kyle ("plaintiff") commenced this action against T-Mobile USA, Inc. ("T-Mobile"), Silvia Hernandez, and Emma Nodine ("defendants") on October 27, 2022, in the Supreme Court of the State of New York, Kings County, asserting claims for fraud, breach of contract, unjust enrichment, and conversion. (See Complaint, dated Oct. 27, 2022 ("Compl."), Dkt. No. 1-1.) Plaintiff alleges that Hernandez and Nodine, both T-Mobile employees, stole $32,000 from plaintiff's Coinbase account after stealing his account information from his SIM card. (See id. ¶¶ 7, 16, 17, 21.) As a result, plaintiff requests "a money judgment in an amount deemed proper after discovery has been completed," including attorney's fees and costs and any other damages proven at trial, but for "no less than the funds transferred unlawfully to the Defendants." (Id. ¶¶ 47, 66.)

Defendants allege that on June 13, 2023, plaintiff served defendant T-Mobile with a written settlement demand seeking a six-figure amount. (Declaration of Rebecca Tingey, Esq. in Support of Defendants' Opposition to Plaintiff's Motion to Remand, dated Aug. 21, 2023 ("Tingey Decl."), Dkt. No. 10-2, ¶ 4.) Defendants subsequently removed the case to federal court on July 7, 2023, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (See Notice of Removal, dated July 7, 2023, Dkt. No. 1.) Plaintiff now seeks to remand the case back to state court for untimely removal and failure to meet the amount in controversy requirement for Section 1332 jurisdiction. (See Plaintiff's Memorandum of Law in Support of Motion to Remand, dated July 31, 2023 ("Pl.'s Mem."), Dkt. No. 10.) Defendants oppose the motion to remand, arguing that the six-figure settlement demand satisfies the requirement of an amount in controversy exceeding $75,000 and that removal was timely because it was within thirty days of defendants' receiving the written settlement demand. (See Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand, dated Aug. 21, 2023 ("Defs.' Mem."), Dkt. No. 10-1.)

## DISCUSSION

Federal district courts have original jurisdiction over all civil actions involving citizens of different states and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Any civil action brought in a state court over which a district court has original jurisdiction may be removed by the defendant to the district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). A notice of removal must be filed with the district court within thirty days of the defendants' receiving a copy of the initial pleading or within thirty days of receiving a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3).

The parties dispute two issues: first, whether the amount in controversy can be demonstrated by evidence of a confidential written settlement demand amount; and second, whether the timeliness of the notice of removal should be determined from receipt of the complaint or receipt of the written settlement demand months later. (See Pl.'s Mem.; Defs.' Mem.) It is undisputed that the diversity of citizenship requirement for district court jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 is met. Plaintiff is a citizen of Ohio, and defendants are citizens of Delaware, Washington, and California. (See Notice of Removal ¶¶ 7-9.) Thus, there is "complete diversity" between the parties and no defendant is a citizen of the state in which the action was brought. See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89-90 (2005).

## I. Amount in Controversy

When a case is removed to district court, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Major v. Diageo N. Am., Inc., No. 22 CV 3027, 2022 WL 2003490, at *2 (S.D.N.Y. June 6, 2022), reconsideration denied, 2022 WL 2079756 (S.D.N.Y. June 9, 2022) (quoting Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014)). However, if the amount in controversy is disputed by the plaintiff, then the defendant must show by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. Dart Cherokee Basin, 574 U.S. at 82 (citing 28 U.S.C. § 1446(c)(2)(B)).

"The starting point for determining the amount in controversy is the type of relief requested." Cow Bay Sprinkler Corp. v. Hous. Cas. Co., No. 19 CV 5854, 2020 WL 9812929, at *3 (E.D.N.Y. Feb. 1, 2020) (quoting Pollock v. Trustmark Ins. Co., 367 F. Supp. 2d 293, 297 (E.D.N.Y. 2005)). The amount in controversy is calculated from the plaintiff's standpoint. Id. (citing Correspondent Servs. Corp. v. First Equities Corp., 442 F.3d 767, 769 (2d Cir. 2006)).

However, evidence of the amount in controversy need not be confined to allegations in the complaint. See id. at *2 ("[T]he Court need not confine its inquiry to the content of the pleadings and the removal notice.").

Courts in this Circuit permit the use of settlement demands as evidence of the amount in controversy and have found that a settlement demand seeking more than $75,000 "establishes by far more than a preponderance that the amount in controversy exceeds $75,000." Major, 2022 WL 2003490, at *3 (noting evidence included a declaration from counsel stating that plaintiff made multiple monetary settlement demands, the most recent seeking a seven-figure amount); see also Lopez v. Target Corp., No. 21 CV 6491, 2021 WL 4272292, at *2 (W.D.N.Y. Sept. 21, 2021) (holding that plaintiff's $150,000 pre-suit demand letter was sufficient to prove by a preponderance of the evidence that amount in controversy exceeded $75,000, where plaintiff had not retracted that demand nor conceded that the amount in controversy was less than $75,000); Butera v. Sw. Airlines Co., No. 12 CV 51 A, 2012 WL 3860802, at *2 (W.D.N.Y. Sept. 5, 2012) (holding plaintiff's pre-suit demand letter for $149,970 sufficient to prove by a preponderance of the evidence that plaintiff put in controversy $149,970, when it was demanded shortly before filing suit).

Here, as in Major, defendants' evidence for the amount in controversy is a declaration from counsel stating that plaintiff made multiple settlement demands seeking a six-figure amount, first on June 13, 2023, and again on July 7, 2023. (Tingey Decl. ¶¶ 4, 5.) While plaintiff argues that the amount in controversy requirement is not met, plaintiff does not dispute that his settlement demands exceeded $75,000. (See generally Pl.'s Mem.; Plaintiff's Reply Memorandum of Law in Further Support of Motion to Remand, dated Sept. 1, 2023 ("Pl.'s Reply"), Dkt. No. 10-3.) Rather, plaintiff argues that the settlement demands cannot be the basis

4

for establishing the amount in controversy for removal purposes because the demand letters are not part of the record and the parties agreed that settlement discussions were confidential and not to be used in litigation.  (Pl.'s Mem. at 9; Pl.'s Reply at 5.)  Plaintiff does not provide any authority to support this argument, and, as discussed above, case law supports allowing defendants to use the settlement demands for the purpose of establishing the amount in controversy.  See Major, 2022 WL 2003490, at *3; Lopez, 2021 WL 4272292, at *2; Butera, 2012 WL 3860802, at *2.

Defendants acknowledge that confidential settlement discussions cannot be used at trial "to prove or disprove the validity or amount of a disputed claim."  FED. R. EVID. 408(a); (see Def.s' Mem. at 8-9.)  However, "rules of admissibility under the Federal Rules of Evidence do not strictly apply to a preliminary and miscellaneous matter such as deciding whether the amount in controversy requirement has been satisfied for purposes of removal."  Major, 2022 WL 2079756 at *1 (citing Knowles Pub. v. Am. Motorists Ins. Co., 248 F.3d 1139 (5th Cir. 2001)).

Plaintiff further argues that, as a matter of policy, defendants should not be allowed to satisfy the amount in controversy requirement with the settlement demand because they revealed confidential information from the settlement demand on the record without plaintiff's permission.  (See Pl.'s Mem. at 10-11; Pl.'s Reply at 6.)  Defendants included in their removal notice the exact dollar amount sought by plaintiff in his June 13, 2023 written settlement demand.  (Notice of Removal ¶ 11.)  According to plaintiff, defendants were reprimanded for doing so at the July 26, 2023 status conference, and told they should have couched their language to protect confidentiality.  (See Pl.'s Mem. at 10; Pl.'s Reply at 6.)

5

It appears that defendants corrected course: their subsequent filings only mention that plaintiff sought "a six-figure amount" in his settlement demands. (See Defs.' Mem. at 1, 3, 5; Tingey Decl. ¶¶ 4, 5.) This misstep by defendants, while concerning, does not negate the undisputed fact that plaintiff made a settlement demand seeking six figures, an amount that exceeds $75,000. Accordingly, I find that defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, satisfying this requirement for district court jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Timeliness

Generally, a notice of removal must be filed with the district court within thirty days of the defendant receiving a copy of the initial pleading in the state court case. 28 U.S.C. § 1446(b)(1). However, there is an exception for when removability is not ascertainable from the initial pleadings, but a subsequent document shows the case is removable to district court:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The thirty-day removal period starts once the defendant receives "the first document from which all of the facts giving rise to removability [are] evident." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 37 (2d Cir. 2010) (citing Whitaker v. Am. Telecasting, Inc., 261 F.3d 196 (2d Cir. 2001)).

"In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party." Whitaker, 261 F.3d at 206. Thus, the thirty-day period does not start until the defendant receives a document from which it is evident that the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. While the standard "requires a defendant to apply a reasonable

6

amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability." Id. Moreover, the Second Circuit has held that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that *explicitly specifies* the amount of monetary damages sought." Moltner, 624 F.3d 34, 38 (2d Cir. 2010) (emphasis added).

To determine the timeliness of defendant's removal notice, the court must determine the first document from which all of the facts giving rise to removability were evident. Plaintiff argues that defendants could have reasonably ascertained removability within thirty days of receiving the complaint. (Pl.'s Mem. at 8.) However, while it is evident from the complaint that there is complete diversity of citizenship between the parties, the complaint does not explicitly specify an amount of damages exceeding $75,000. (See generally Compl.) In fact, the complaint alleges that defendants stole $32,000 from plaintiff and that plaintiff "has been unable to fund his business venture and has suffered significant damages, including lost profit." (Id. ¶¶ 29, 35.) It does not specify in any further detail plaintiff's business venture, the nature of the "significant damages" suffered, or the amount of profits lost. Defendants argue that nothing in the complaint indicates that the amount in controversy exceeds $75,000. (Def.s' Mem. at 5.) Therefore, I find that removability is not evident from the complaint and that the thirty-day removal period did not start when defendant received the complaint.

Defendants argue that the removal period should be calculated from the receipt of plaintiff's written settlement demand. (See Def.s' Mem.) Defendants claim that they first learned that the amount in controversy exceeded $75,000 upon receipt of plaintiff's demand letter seeking a six-figure amount on June 13, 2023. (Id. at 3; Tingey Decl. ¶ 4.) According to defendants, the settlement demand sought a specific amount exceeding the jurisdictional

7

threshold, and it also included new facts not alleged in the complaint, such as previously undisclosed business ventures. (Id. at 3; Tingey Decl. ¶ 4.) Plaintiff does not dispute that this was the first document defendant received that explicitly specified that the amount sought exceeded $75,000. (See Pl.'s Mem; Pl.'s Reply.) Accordingly, I find that the written settlement demand was the first document from which all of the facts giving rise to removability were evident, and that the thirty-day removal clock started upon defendants' receipt of the demand on June 13, 2023.

Courts in this circuit have found that a written settlement demand is within the meaning of "other paper" in § 1446(b)(3). See, e.g., Champion v. CVS Albany LLC, No. 22 CV 7748, 2023 WL 1766284, at *2 (E.D.N.Y. Feb. 2, 2023) ("Courts have found that settlement demands can constitute 'other paper' under § 1446."); Mitilinios v. Costco Wholesale Corp., No. 17 CV 5306, 2018 WL 941715, at *4 (E.D.N.Y. Jan. 31, 2018) (holding plaintiff's oral settlement demand did not trigger the thirty-day removal period, but noting that settlement offers reduced to writing may be sufficient); Vermande v. Hyundai Motor Am., Inc., 352 F. Supp. 2d 195, 200 (D. Conn. 2004) ("[M]ost courts have held—and this Court agrees—that § 1446(b) is not limited to papers filed in the litigation and that the reference to 'other paper' in the statute can include pre-removal correspondence between the parties, including… settlement offers."). Accordingly, I find that the thirty-day removal period started on June 13, 2023, when defendants received plaintiff's written settlement demand, and that defendants' subsequent notice of removal was timely because it was filed within thirty days, on July 7, 2023. I therefore respectfully recommend that plaintiff's motion to remand be denied.

8

### III. Attorney's Fees

Finally, plaintiff requests attorney's fees and costs incurred by filing the instant motion, pursuant to 28 U.S.C. § 1447(c). (Declaration of Jerome Noll, Esq., dated July 31, 2023, Dkt. No. 10, ¶ 13.) Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because I am recommending plaintiff's motion to remand be denied, I recommend that his request for fees and costs also be denied. See e.g. Michael J. Redenburg, Esq. PC v. Midvale Indem. Co., 515 F. Supp. 3d 95, 103 (S.D.N.Y. 2021) (denying motion to remand and request for attorney's fees); Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield, 6 F. Supp. 3d 275, 294 n.10 (E.D.N.Y. 2014) (finding removal was proper and denying motion for attorney's fees).

### CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion to remand this case to state court and request for attorney's fees be denied. Any objection to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b), 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       March 25, 2024

9